# CV 05 4559

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.

SEP 27 2005

★ BROOKLYN OFFICE ★

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ECF HURLEY, J |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| TOWN OF HUNTINGTON and HUNTINGTON YOUTH BUREAU YOUTH RESEARCH INSTITUTE, INC. Defendants. | COMPLAINT JURY TRIAL DEMANDED WALL, M.J. |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Janie Schmidt. As alleged with greater specificity below, the Equal Employment Opportunity Commission alleges that Defendants discriminated against Ms. Schmidt because of her age. Defendants terminated Ms. Schmidt from her employment in September 2003 because of her age, 58, and in retaliation for opposing discriminatory practices.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 216(c).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Town of Huntington has continuously been doing business in the State of New York and Suffolk County, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Town of Huntington has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant Huntington Youth Bureau Youth Research Institute, Inc. has continuously been doing business in the State of New York and Suffolk County, and has continuously had at least 20 employees.

7. At all relevant times, Defendant Huntington Youth Bureau Youth Research Institute, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

8. Prior to institution of this lawsuit, the Commission's representatives attempted to

eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

9. Since at least December 2002, Defendants have engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623. Ms. Schmidt began her employment with Defendants in January 1990 as an employment counselor to youths. In November 1999, she became an independent living counselor to homeless or runaway youths. She performed her job well and consistently received positive evaluations until December 2002, when she was supervised by a new Director. This supervisor had expressed that Ms. Schmidt should not be an independent living counselor because he believed that her clients would not relate to her given her advanced age. Motivated by such a discriminatory animus, he took actions designed to lead toward Ms. Schmidt's termination and, in fact, terminated her employment. Such actions include, but are not limited to, issuing a Memorandum of Warning against Ms. Schmidt without a legitimate basis and providing her with a negative performance evaluation.

10. Since at least December 2002, Defendants engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by retaliating against Ms. Schmidt for complaining against the age discriminatory actions taken against her. The unlawful employment practices include, but are not limited to, issuing a Memorandum of Warning against Ms. Schmidt without a legitimate basis, providing her with a negative performance evaluation, and terminating her employment.

11. Defendants engaged in unlawful employment practices, in violation of the ADEA, 29 U.S.C. § 623, by terminating Ms. Schmidt's employment because of her age, 58, and in

3

retaliation for her opposition to employment practices that are unlawful under the ADEA.

12. The effect of the practices complained of in paragraphs 9 through 11 above has been to deprive Ms. Schmidt of equal employment opportunities and otherwise adversely affect her status as an employee.

13. The unlawful employment practices complained of in paragraphs 9 through 11 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from discriminating against employees age 40 and over, on the basis of age and/or engaging in protected activity under the ADEA, and from any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof, to Ms. Schmidt as a result of the acts complained of above.

D. Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to the reinstatement of Ms. Schmidt.

E.   Grant such further relief as the Court deems necessary and proper in the public interest.

F.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

1801 "L" Street, N.W.
Washington D.C. 20507

Elizabeth Grossman EG 2478
Acting Regional Attorney

Kam S. Wong
Senior Trial Attorney KW 7176

New York District Office
33 Whitehall Street, 5th Fl.
New York NY 10004
212-336-3703
212-336-3623 (Fax)