```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY          :    ECF
COMMISSION,                           :
                                      :
                    Plaintiff,        :
                                      :    No. 05 CV 4559 (DRH) (WDW)
        -against-                     :
                                      :
TOWN OF HUNTINGTON and                :
HUNTINGTON YOUTH BUREAU               :
YOUTH RESEARCH INSTITUTE, INC.        :
                                      :
                    Defendants.       :
-----------------------------------------------------------X
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF EVIDENCE REGARDING
<u>ANTHONY ZENKUS'S 1990 RESIGNATION</u>**

Anthony Zenkus was Janie Schmidt's direct supervisor at the Huntington Youth Bureau Youth Development Research Institute, Inc.. The EEOC alleges and will offer evidence showing that Zenkus was biased against Schmidt because of her age, stated that she was too old to relate to the youth population with whom she worked, favored her younger coworkers, and played a substantial role in Defendants' decision to fire her. Defendants contend and Zenkus testified in his deposition that he was not biased against Schmidt, treated her no differently from her coworkers, and evaluated her job performance in a nondiscriminatory manner and found it to be unacceptable. Defendants also contend that Zenkus did not make the decision to fire Schmidt. Zenkus will therefore be a principal fact witness at trial. In light of the contradictions between Plaintiff's version of events involving Zenkus and Defendants' version, Zenkus's credibility will be a critical factor at trial. The jury's assessment of his credibility may be determinative of the issues in this case.

During discovery in this matter, it was revealed that Zenkus was asked to resign from a previous job at Youth Directions and Alternatives after his employer learned that he had lied on his job application. Specifically, when he applied for the job in or about 1988, Zenkus had stated on his resume that he had received a bachelor's degree in 1988, when in fact, he had not; he did not receive a degree until 1992. Defendants now argue that evidence relating to Zenkus's misrepresentation on his job application would be more prejudicial than probative and should therefore be barred under Rule 403 of the Federal Rules of Evidence.[1] Defendants' motion should be denied.

It is well established that a matter bearing on the credibility of a witness is a proper subject for cross-examination. Rule 608(b), Fed. R. Evid., provides in pertinent part that:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

Thus, "[a]lthough an opponent is not permitted to adduce extrinsic evidence that a party lied on a previous occasion, he may nonetheless ask questions to that end." *Lewis v. Baker*, 526 F.2d 470, 475 (2d Cir. 1975); *see also United States v. Bagaric*, 706 F.2d 42, 65 (2d Cir. 1983) ("The trial judge may permit cross-examination into specific acts of misconduct if 'probative of truthfulness or untruthfulness.'").

---

[1] As discussed below, extrinsic evidence may not be introduced to prove Zenkus's misconduct, however, it is a permissible subject of cross-examination. We, therefore, understand Defendants' motion to be one to bar EEOC from inquiring of Zenkus on cross-examination concerning his misconduct.

2

In *Lewis v. Baker*, the Second Circuit specifically addressed the question whether a jury could properly consider a witness's false statements on a job application as bearing on his credibility. The court held that:

> Particularly, as the jury's ultimate task was to decide whether they would believe plaintiff's or defendants' account of the events . . . , such evidence bearing directly on a party's capacity for truth-telling was relevant. Thus the testimony regarding prior falsification of the application was properly elicited from [the plaintiff], and we uphold the propriety of the trial judge's charge that that evidence might be considered by the jury on the issue of plaintiff's credibility.

526 F.2d at 475-76; *see also Jones v. New York City Health & Hosp. Corp.*, No. 00 Civ. 7002 (CBM), 2003 U.S. Dist. LEXIS 9183, at *4 (S.D.N.Y. June 2, 2003) (noting that "defendants are entitled to ask [plaintiff] about the truthfulness of her statements on her job application"); *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 1988) (noting that "employment applications . . . carry an obligation for truthfulness, so that falsehoods in such situations may be probative of a lack of credibility."). Zenkus has admitted that he lied on a job application; such evidence bearing directly on his capacity for truthfulness is clearly probative.

While conceding that Zenkus lied in the job application, Defendants argue that this is nonetheless not a proper subject of inquiry, because the incident had no relationship to the allegations in this case. A witness's credibility, however, is *always* relevant. Thus, courts have repeatedly concluded that the fact that a witness lied on a job application is a legitimate subject of cross-examination, *regardless* of whether the incident has any nexus to the case being tried. *See, e.g. United States v. Redditt,* 381 F.3d 597, 602 (7th Cir. 2004) (holding that prosecution was properly permitted to cross-examine defendant about false statements made in a 1995 employment application because it was relevant to defendant's character for truthfulness); *United States v. Tse*, 375 F.3d 148, 167 (1st Cir. 2004) (defense's cross-examination of

3

prosecution witness concerning false statements in 1997 employment application was permissible, although using extrinsic evidence about the same was not); *United States v. Jones*, 900 F.2d 512, 521 (2d Cir. 1990) (cross-examination of criminal defendant concerning false statements on applications for employment was permissible); *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985) (cross-examination of defendant concerning, among other things, false statements on an employment application, "was entirely appropriate"); *United States v. Howard*, 774 F.2d 838, 845 (7th Cir. 1985) (defendant's false statements made in 1974 and 1975 employment applications were "plainly probative" of his untruthfulness); *Watson v. Connelly*, No. CV 05-212, 2008 U.S. Dist. LEXIS 32, at *2-3 (W.D. Pa. Jan. 2, 2008) (noting that "[n]umerous courts have held that a witness' provision of inaccurate information on a job application is probative of truthfulness"); *Schmidt v. Medicalodges, Inc.*, 523 F. Supp. 2d 1256, 1259 (D. Kan. 2007) (allowing cross-examination of nonparty witness regarding false statements on employment application); *Byrne v. Gainey Transp. Servs.*, 96 Fair Emp. Prac. Cases (BNA) 591, 592-93 (D. Kan. 2005) (allowing cross-examination of plaintiff on whether she falsified five employment applications since 1977); *Modlin v. McAllister Bros., Inc.*, No. 00 Civ. 517 (GBD), 2004 U.S. Dist. LEXIS 13374, at *2-3 (S.D.N.Y. July 14, 2004) (upholding verdict for defendant where plaintiff's credibility had been impeached through showing that, among other things, "plaintiff had previously lied on other job applications"); *United States v. Morales*, 660 F. Supp. 1543, 1545 (S.D.N.Y. 1987) (evidence impeaching criminal defendant's credibility included conviction for making false statements on a job application).

  Defendants further argue that the fact that Zenkus's falsification of a job application took place more than ten years before the events at issue in this case make the evidence more prejudicial than probative. Defendants cite no cases that support their arguments. The one case

4

cited, *Martin v. National RR Pass Corp.*, No. 97 Civ. 8381 (RLE), 1998 U.S. Dist. LEXIS 13979, at *4-5 (S.D.N.Y. Sept. 3, 1998), concerns impeachment by prior convictions, which is governed by Federal Rule of Evidence 609(b). Rule 609(b) includes a special notice provision if a party intends to rely for impeachment purposes on a conviction that is more than ten years old. That rule is inapplicable here, where no criminal conduct is involved. Rule 608(b) does not provide that conduct may be probative of truthfulness only if it occurs within a specific timeframe, and courts have allowed cross-examination concerning even remote prior acts. *See, e.g., Tse*, 375 F.3d at 16 (2004 decision upholding propriety of cross-examination regarding conduct occurring in 1997); *Howard*, 774 F.2d at 845 (1985 ruling concerning conduct occurring in 1974 and 1975); *Byrne*, 96 Fair Emp. Prac. Cases (BNA) at 592 (allowing cross on falsified job applications submitted during time period extending back from 2005 to 1977). The fact that Zenkus's false statement was made in 1988 does not affect the permissibility of EEOC's questioning him about it, but is instead simply a factor for the jury to consider in deciding to what extent his conduct affects its assessment of his credibility.

Once Zenkus is called to the stand, his credibility becomes an issue in the case. Although his own admission to having falsified an employment application is prejudicial to him, and to Defendants, its prejudicial character does not outweigh its probative value as to his credibility.

## CONCLUSION

For the reasons stated above, Defendant's motion to preclude the entry of evidence regarding Anthony Zenkus's resignation should be denied.

Dated:  New York, New York            Respectfully Submitted,
        May 12, 2008

                                     EQUAL EMPLOYMENT OPPORTUNITY
                                     COMMISSION

                                     ELIZABETH GROSSMAN
                                     Regional Attorney

5

LISA SIRKIN
Supervisory Trial Attorney

MARGARET A. MALLOY
Trial Attorney

_____/S/_____
Kam S. Wong
Senior Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor
New York, New York 10004
(212) 336-3703
kam.wong@eeoc.gov